**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3602-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ADONIS THOMAS,

    Defendant-Appellant.

_____

> Argued May 12, 2026 – Decided July 10, 2026
>
> Before Judges Sumners and Susswein.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 97-11-4695 and 97-11-4698.
>
> Christine M. D'Elia argued the cause for appellant (Christine M. D'Elia, attorney; Adonis Thomas, on the self-represented brief).
>
> Matthew E. Hanley, Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Essex County Prosecutor, attorney; Matthew E. Hanley, of counsel and on the brief).

PER CURIAM

Defendant Adonis Thomas appeals Law Division orders dismissing his third petition for post-conviction relief (PCR) without an evidentiary hearing and his motion for reconsideration. We affirm.

I

A jury convicted defendant of the murder of two men and the attempted murder of a third man. He was sentenced to three consecutive life prison terms, two with thirty-year parole ineligibility, and one with a twenty-five-year parole ineligibility term for the attempted murder of the third man. Beyond this, we need not repeat the factual details and procedural history preceding this appeal because they are well-known to the parties. Instead, we incorporate them by reference to our prior unpublished decisions. See State v. Thomas (Thomas I), Docket No. A-3428-98 (App. Div. Jan. 11, 2001), certif. denied 167 N.J. 637 (2001) (affirming defendant's conviction and sentence); State v. Thomas (Thomas II), No. A-0274-04 (July 14, 2006) (reversing denial of PCR petition and remanding for evidentiary hearing); State v. Thomas (Thomas III), No. A-4328-08 (App. Div. May 18, 2011) certif. denied 208 N.J. 599 (2011) (affirming dismissal of PCR petition following an evidentiary hearing).

A-3602-23

On March 9, 2023, self-represented defendant filed a third PCR[1] petition. He alleged that his right to counsel was violated when the Public Defender's Office created a conflict of interest by simultaneously representing him and eyewitness Lonnie McNeil, who had pending charges at the time of defendant's trial.

On August 22, the PCR judge entered an order and statement of reasons denying relief. The judge determined the petition was barred because: (1) under Rule 3:22-12, the petition was untimely; and (2) under Rule 3:22-5, defendant "restated the same arguments" that he raised in his first PCR petition that this court rejected because of the "'overwhelming'" evidence establishing defendant's guilt. Thomas III, slip op. at 12. The judge further determined that a hearing under Rule 3:21-10(c) was unnecessary because defendant failed to show a hearing was necessary "'in the interests of justice'" or establish good cause.

Defendant moved for reconsideration. On June 19, 2024, the PCR judge entered an order and a statement of reasons denying defendant's motion.

Defendant appealed the reconsideration order and the order dismissing his PCR petition.

---

[1] While defendant's appeal of his first PCR petition was pending, defendant filed a second PCR which was dismissed without prejudice in July 2005.

A-3602-23

II

The PCR judge's rulings were guided by some well settled principles. The judge noted that per Rule 3:22-12(a)(1), a PCR petition must be filed within five years after a judgment of conviction is entered unless there is a showing of excusable neglect and a fundamental injustice would occur if the petition were barred. The judge cited State v. Dillard, 208 N.J. Super. 722, 726-27 (App. Div. 1986), which held that the five-year period to seek PCR relief begins when the judgment of conviction is entered and is neither stayed nor tolled by appellate or other review proceedings. The judge recognized that, under Rule 3:22-5, once an issue is decided on its merits, it cannot be relitigated in a PCR petition.

In addition, the judge relied upon Rule 3:22-12(a)(2), which provided that a second or subsequent petition must be filed no more than one year after the latest of:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

4                                                         A-3602-23

(C) the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged.

Applying these principles, the judge found that defendant's claim that the Public Defender's "represent[ation of] both [him] and [McNeil who had] . . . pending charges" at the time of defendant's trial constitutes ineffective assistance "due to the alleged inherent conflict" was time-barred per Rule 3:22-12(a)(2). Defendant's first PCR petition was denied in 2004 and following our remand for an evidentiary hearing, we affirmed the petition's renewed denial in 2010. Thomas III, slip op. at 2. Considering this is defendant's third PCR petition which was filed in 2023, over thirteen years after his first PCR was concluded in 2010, the judge determined it was untimely and time barred.

The PCR judge determined there was another reason to deny defendant relief. He found that trial counsel's knowledge of McNeil's pending changes at the time of defendant's trial was "fully litigated" during the resolution of defendant's first PCR petition and justified dismissal of this PCR petition, his third. At the first PCR petition's remand evidentiary hearing, the testimony revealed that for McNeil's gun and drug charges, he "was arrested under the name of 'Lonnie Neal,'" which neither the State nor defendant's trial counsel knew. Thomas III, slip op. at 6,11and 19. The judge thus held that, under Rule

5

3:22-5, there was no viable ineffective assistance claim[2] because the issue of McNeil's pending charges had already been decided.

Turning to the denial of defendant's motion for reconsideration, the PCR judge found that defendant failed to satisfy the well-known standard set forth in D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990), that: "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence."  The PCR judge rejected defendant's contention that "he only learned in 2022 that . . . [ McNeil] was represented by the Office of the Public Defender's Office in a wholly unrelated manner[,] and that [McNeil] was granted [pretrial intervention (PTI)] in his case" which was "fully addressed in" our court's 2011 opinion in Thomas III.  Even if defendant was not aware, the judge ruled that defendant could have discovered this information through due diligence "well before 2022" considering the PTI issues were heavily litigated from 1998 through 2008.  Thus, the judge held that, per Rule 3:22-12(a)(1), defendant "has failed to present

---

[2]  To establish a claim for ineffective assistance of counsel, the defendant must show:  (1) the deficiency of his counsel's performance and (2) prejudice to his defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987).

compelling, extenuating circumstances, and has failed to meet his burden of justifying a relaxation of the time bar."

The PCR judge further held that there was no showing that the Public Defender's Office representation of defendant and McNeil prejudiced defendant as required by the second prong of <u>Strickland</u>. The judge rejected defendant's claim that the Public Defender Office's representation of defendant and McNeil constituted a per se conflict. The judge stressed that defendant's argument lacked any support in caselaw because the charges against defendant and McNeil were "wholly separate and unrelated."

Defendant appeals arguing:

> Point I
>
> Appellant's Sixth Amendment Right to Counsel was Violated by the Simultaneous Representation of the Public Defender's Office of Appellant and a State Witness.
>
> Point II
>
> The Rules of Professional Conduct 1.7(a)(1 ) and (a)(2) Were Violated, and Under <u>State v. Bell</u>, 90 N.J. 163 [1982] a Reversal is Required.
>
> Point III
>
> Appellant's Right to Counsel Claim Falls Within the Per Se Exception Outlined in <u>State v. Bellucci</u>, 81 N.J.

543 [1980] and State v. Alexander, 403 N.J. Super. 250 [2008].  (Not Raised Below).

Point IV

Rule 3:22-4(b)(2)(B) Permits Review of Barred Claims to Prevent Fundamental Injustices.

Point V

Even if This Court Does Not Find a Per Se Conflict of Interest Requiring Reversal, Appellant has Met the Standard for a[n] Evidentiary Hearing.

We conclude there is insufficient merit in defendant's arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), and we affirm the orders denying his third PCR petition substantially for the reasons set forth in the PCR judge's statements of reasons.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division